IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Anthony Gay, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>John Baldwin *et al.*, )<br>)<br>Defendants. ) | Case No. 1:19-CV-01133<br><br>Judge Harold A. Baker<br>Magistrate Judge Eric I. Long |

### PLAINTIFF'S UNOPPOSED MOTION FOR SECOND EXTENSION

Plaintiff, through undersigned counsel, hereby moves the Court for a second extension of time to respond to the Motion to Dismiss in Part filed by Defendant Wexford Health Sources, Inc. ("Wexford") and Dr. William Puga (ECF 88).

Counsel for Plaintiff has consulted with counsel for Wexford and Dr. Puga. The defendants do not oppose Plaintiff's motion.

In support of his motion Plaintiff states:

1. Wexford and Dr. Puga filed their Motion to Dismiss in Part on March 23, 2020. Under the Local Rules, Plaintiff's response was due on April 6. On that day, Plaintiff filed an unopposed motion for extension, for the response to be due on April 20, 2020. (ECF 19.)

2. At the time Plaintiff's counsel believed that a response could be completed by April 20. For the reasons set forth herein, however, Plaintiff's counsel need more time to respond. Counsel are therefore requesting a second extension to next **Friday, May 1**, to respond to ECF 88.

3. Plaintiff's counsel are not accustomed to seeking multiple extensions to respond to court filings. Counsel find themselves in an extraordinary position, however. Plaintiff's counsel at Loevy & Loevy have taken responsibility of responding to Wexford's Motion to Dismiss. Essentially

\#

since time that the Motion to Dismiss was filed, however, and since Plaintiff sought his first extension on April 6, the Loevy counsel have been immersed in several cases seeking emergency injunctive relief to protect correctional inmates from the spread of the COVID-19.  This litigation has been both fast-moving and highly unpredictable, and it has placed extraordinary demands on counsel to gather evidence, assist in the preparation of expert reports and engage in extensive, and draft complicated, fast-turnaround briefing, all on tight schedules that have changed by the day.

4. As Plaintiff explained in his original motion for extension, as of April 6 Plaintiff's counsel were litigating three different injunctive cases concerning COVID-19.  (ECF 91 ¶¶ 3-5.)  Since April 6, one of those cases, *Mays v. Dart*, No. 1:20-cv-02134 (N.D. Ill.), has featured near-constant, high-volume litigation that has consumed the time and resources of Plaintiffs' counsel.

5. *Mays* is a class action that concerns the threat of COVID-19 to detainees at the Cook County Jail, and is being heard by Judge Mathew Kennelly in Chicago on an emergency basis.  Plaintiff's Loevy counsel brought the case on April 3, seeking a Temporary Restraining Order ("TRO") relating to protections of detainees from COVID-19.

6. On the morning of April 7, Judge Kennelly held a telephonic hearing on the class TRO motion.  He ordered the parties to file additional, supplementary submissions that same night. (*See Mays*, ECF 39.)  In response, class counsel prepared and filed a 20-page supplemental memorandum.  (ECF 42.)  Loevy counsel was substantially involved in the drafting of this memorandum.

7. On April 9 Judge Kennelly partially granted the TRO, and directed the defendant to file a status report on compliance by April 13.  (ECF 47.)  Judge Kennelly further ordered a telephonic status conference to be held the on the morning of April 14. (ECF 50.)  The defendant filed a 22-page status report on April 13, appending 15 different exhibits that included voluminous declarations and other evidence (ECF 51.)

#

8. On the morning of April 14, Judge Kennelly held a telephonic conference to discuss the defendant's filing. At that hearing, the Judge Kennelly ordered the class counsel to file a motion for preliminary injunction and motion expedited discovery, that same night. (ECF 53.)

9. The class counsel did so, filing a 21-page brief and attaching nine exhibits, which included a virus transmission model and an expert declaration that same night. (*See* ECF 55.) The defendant responded on April 17, filing a 26-page opposition brief that attached multiple witness declarations and other exhibits. Per the Court's order, the class counsel then replied on Sunday, April 19 with a 36-page brief, to which they appended declarations of three different expert witnesses and thirteen jail detainees. (ECF 64.) The Court then held a hearing at 8:30 a.m. on the morning of April 20, and instructed the parties to prepare for an evidentiary hearing on Thursday, April 23 during which the court would hear expert witness testimony.

10. Loevy counsel has been heavily involved in all the litigation described above. In addition to briefing, that has included gathering and organizing factual reports from multiple witnesses, consulting with experts to prepare reports going to the merits of the TRO, conducting legal research regarding the legal issues raised in the litigation, and gathering facts to support the briefing.

11. This emergency activity has consumed substantially all of counsel's time since April 6, making it impossible to brief the Motion to Dismiss filed by Wexford and Dr. Puga. Plaintiff therefore requires a short extension to complete the briefing.

**WHEREFORE**, Plaintiff respectfully requests an extension to Friday, May 1, 2020, to respond to the Motion to Dismiss in Part filed by Wexford and Dr. Puga.

April 20, 2020

Antonio Romanucci - aromanucci@rblaw.net
Nicolette Ward - nward@rblaw.net
Romanucci & Blandin LLC
321 N Clark Street Suite 900,
Chicago, IL 60654
312-458-1000

Respectfully submitted,

*/s/ Stephen H. Weil*
Stephen H. Weil – weil@loevy.com
Jon Loevy – jon@loevy.com
Sarah Grady – sarah@loevy.com
Loevy & Loevy
311 N. Aberdeen Street 3rd Floor
Chicago, IL 60607
312-243-5900

Maggie E Filler - maggie.filler@macarthurjustice.org
Roderick and Solange MacArthur Justice Center
375 E. Chicago Avenue,
Chicago, IL 60611
(312) 503-1271

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2020, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      /s/ Stephen H. Weil